IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, )<br><br>Plaintiff, )<br><br>v. )<br><br>WINSTON BAUGHMAN, )<br>VICKIE BAUGHMAN, et al., )<br><br>Defendants. ) | Civil Action No.: 03-PT-1119-M |

## MEMORANDUM OPINION

This cause comes on to be heard upon defendants Winston and Vickie Baughman's ("Baughmans") Motion to Dismiss (Doc. 15), filed on June 26, 2003.

### FACTS AND PROCEDURAL HISTORY

The Baughmans filed a lawsuit in the Circuit Court of Marshall County Alabama ("the underlying lawsuit") against, among others, Jones, Blair, Waldrup, and Tucker, Inc. ("Jones"), and Kenneth Epperson ("Epperson"), who are also defendants in this action. Plaintiff Employers Mutual Casualty Company ("Employers Mutual"), who is currently defending Jones and Epperson in the underlying lawsuit, filed this declaratory judgment action on May 13, 2003. Employers Mutual asks the court to, among other things, declare that it has no duty to indemnify Jones and Epperson in the underlying lawsuit. The Baughmans seek to be dismissed on the grounds that this declaratory judgment complaint fails to state any claims against them.

### LEGAL STANDARD

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true.

*United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991). All factual allegations are to be construed in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989). Dismissal under Rule 12(b)(6) is appropriate "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint." *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## ARGUMENTS

Employers Mutual notes that "the Declaratory Judgment Act and Rule 57 should be liberally construed to achieve the objectives of the declaratory remedy." *McDougald v. Jensen*, 786 F.2d 1465, 1481 (11th Cir. 1986). Moreover, "[a]lthough the district court has an area of discretion in deciding whether to grant or deny declaratory relief, that discretion should be exercised liberally in favor of granting such relief in order to accomplish the purposes of the Declaratory Judgment Act." *Cincinnati Ins Co. v. Holbrook*, 867 F.2d 1330, 1333 (11th Cir. 1989), *abrogated on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

Employers Mutual also argues that "[d]eclaratory judgment actions are particularly appropriate for situations in which insurance companies seek a declaration of their liability." *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 854 F. Supp. 782, 790 (D. Kan. 1994). That Employers Mutual argues, is exactly what it seeks here. Employers Mutual cites *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941), for the proposition that when an insurer seeks a declaratory judgment against the insured, there is also an actual controversy between the insurer and the injured person. *See* 312 U.S. at 274 ("Thus we hold that there is an actual

controversy between petitioner [the insurer] and Orteca [the underlying plaintiff], and hence, that petitioner's complaint states a cause of action against the latter.").

Employers Mutual also cites Alabama law, which states that "[a]ll persons shall be made parties who have, or claim, any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Ala. Code § 6-6-227 (1975). In addition, Employers Mutual notes Alabama Code § 27-32-2, which provides that

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

Thus, Employers Mutual contends, should the Baughmans obtain a final judgment in the underlying lawsuit, they could file a direct action against it to satisfy that judgment. The Baughmans are clearly a proper party to this action.[1]

## CONCLUSIONS OF THE COURT

A copy of the underlying case is attached to the complaint in this case. The Baughmans are named as plaintiffs therein. The motion will be denied.

---

[1] The Baughman's did not file a reply to Employers Mutual's brief. The court assumes that their argument is that there has been a failure to state a claim against them in this complaint, regardless of the law cited by Employers Mutual.

3

This \_\_\_\_31st\_\_\_\_ day of July, 2003.

                                              **ROBERT B. PROPST**
                                   **SENIOR UNITED STATES DISTRICT JUDGE**

4